IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA         Case No. 5:21-mj-109-MJF
FOR AN ORDER AUTHORIZING THE
INSTALLATION AND SERVICE OF A
VIDEO SURVEILLANCE CAMERA               **FILED UNDER SEAL**

## APPLICATION

Comes Now, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby:

Moves this Honorable Court to grant an Order authorizing the installation and use of a video surveillance camera to be located in the vicinity of 2046 Douglas Crossroads, DeFuniak Springs, Florida.

Moves this Honorable Court, pursuant to the All Writs Act, 28 U.S.C. § 1651, to direct Choctawhatchee Electric Cooperative, Inc. (CHELCO) to furnish forthwith to agents and task force officers of the Drug Enforcement Administration (DEA) all of the information, facilities, and technical assistance necessary to unobtrusively accomplish the installation and use of the video camera and to supply electrical service. CHELCO informed the DEA that it needs such an Order because it is a member owned cooperative.

In support of this Application, the United States represents as follows:

1. Agents and task force officers of the DEA are engaged in an investigation of violations of federal law, including those involving allegations of distribution of controlled substances, specifically cocaine and cocaine base, in furtherance of violations of Title 21, United States Code, Sections 841(a)(1), and 846, conspiracy to distribute controlled substances, and possession of controlled substances with intent to distribute. The allegations have been confirmed through undercover investigative techniques engaged in by law enforcement.

2. The subject of the investigation, as known to law enforcement, frequents a residence located at 2045 Douglas Crossroads, DeFuniak Springs, Florida.

3. Based upon the geographic makeup of the area wherein the above noted premises is located, it is impractical to engage in traditional street surveillance. Therefore, federal agents are unable to surveil or document individuals and/or automobiles that regularly frequent the subject premises.

4. Law enforcement intends to work with CHELCO to mount a video surveillance camera on a utility pole in the vicinity of the subject premises. The utility pole is located within a public park. The area to be recorded is open to viewing by the public. As such, the occupants of the subject premises have no reasonable expectation of privacy in the outside area to be recorded. The instant Application is being made because CHELCO, as a matter of corporate, cooperative,

or company policy requires a Court Order before it will establish and maintain the power supply that is necessary to the operation of the video surveillance camera.

5. On or about October 14, 2021, this Honorable Court issued an Order authorizing similar relief requested pursuant to the All Writs Act, 28 U.S.C. § 1651, as part of DEA's investigation. *See* Case Number 5:21-mj-95-MJF.

6. The use of the video camera in the circumstances involved here will not constitute a search <u>requiring</u> a warrant under the Fourth Amendment. A search occurs when government officials invade a reasonable and legitimate expectation of privacy. Persons on the street or outside their homes have no legitimate expectation of privacy from visual observation of their movements on a public thoroughfare. *See United States v. Knotts*, 460 U.S. 276, 285 (1983); *Katz v. United States*, 389 U.S. 347, 353 (1967). No search will occur in this instance because the area that will be surveilled is a public park and public thoroughfare and the camera will not be utilized to photograph activities inside of any residence.

7. Thusly, there is no reasonable expectation of privacy in areas that are open to public view. *See Oliver v. United States*, 466 U.S. 170, 179 (1984). For example, the United States Supreme Court has upheld the aerial observation, from public navigable airspace, in a physically unobtrusive manner, of a defendant's backyard. *California v. Ciraolo*, 476 U.S. 207 (1986). The property was protected from street level view by a ten-foot high fence. Nevertheless, the Court wrote:

3

> That the area under observation is within the curtilage does not itself bar all police observation. The Fourth Amendment protection of the home has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares. Nor does the mere fact that an individual has taken measures to restrict some views of his activities preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible.

*Id.* at 213. The Supreme Court has extended this rationale to include observations that were enhanced by the use of photography equipment, holding that aerial photography of an industrial plant was not a Fourth Amendment intrusion. *Dow Chemical Co. v. United States*, 476 U.S. 227 (1986).

8. The request in this case is merely to permit the use of a device that aids in video surveillance and protects the safety of agents and officers in making observations that they could otherwise make with the naked eye from a position on a public thoroughfare or public property. Since the camera will only view what the individual has exposed to public observation, no search occurs when a camera records what takes place. For the reasons stated above, use of the video camera sought in this case does not involve a search under the Fourth Amendment. "It is beyond dispute that the government, even in the investigation stage, may request court approval for third party assistance in installing surveillance measures like the pole camera." *United States v. Turner*, 1999 WL 88937 (E.D. Pa. Feb. 22, 1999).

9. Finally, this Court has authority under the All Writs Act, Title 28,

4

United States Code, Section 1651, to direct a public utility to furnish assistance in the installation and use of a video camera. *See United States v. New York Telephone Company*, 434 U.S. 159 (1977) (holding that the district court had the power under the All Writs Act to direct a public utility to furnish assistance in the installation and use of a pen register); *In the Matter of the Application of the United States of America for an Order Authorizing the Installation and Service of a Video Surveillance Camera*, Case No. 4:13mc26/RH (N.D. Fla. May 21, 2013).[1]

WHEREFORE, it is respectfully requested that this Court grant an Order: (1) authorizing the installation and use of a video camera to photograph the activities at the said location; (2) directing CHELCO to furnish forthwith to agents of the DEA all of the information, facilities, and technical assistance necessary to accomplish the installation and use of the camera unobtrusively and with minimum interference to the service presently provided by means of the utility pole, and (3) sealing this Application and the Court's Order. In addition, the government requests that the Court direct the Clerk of Court to furnish a certified copy to the United States Attorney's Office.

---

[1] Courts have applied the All Writs Act to order utility companies to assist in the installation of pole cameras. *See, e.g., United States v. Turner*, No. CIV.A. 98-CV-5097, 1999 WL 88937 (E.D. Pa. Feb. 22, 1999); *United States v. Bullock*, No. CIV. A. 98-CV-5023, 1999 WL 81526 (E.D. Pa. Feb. 8, 1999). *Cf. In re Application of U.S. for an Order Directing X to Provide Access to Videotapes*, No. 03-89, 2003 WL 22053105, at *1 (D. Md. Aug. 22, 2003) (directing apartment complex to provide access to security camera recordings).

The United States of America therefore urges the Court to grant the government's Application in this matter.

> Respectfully submitted,
>
> JASON R. COODY
> Acting United States Attorney
>
> *s//Michelle Spaven*
> _____
> MICHELLE SPAVEN
> Assistant United States Attorney
> Florida Bar No. 0640761
> 111 N Adams St, Fourth Floor
> Tallahassee, FL  32303
> (850) 216-3828
> michelle.spaven@usdoj.gov